## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| TEXOKAN OPERATING, INC, *et. al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-13-2866 |
| | § | |
| HESS CORPORATION, | § | |
| Defendant. | § | |

## <u>MEMORANDUM AND ORDER</u>

This tort case is before the Court on four motions that are ripe for review. Defendant Hess Corporation ("Hess" or "Defendant") filed a *Daubert* motion, no-evidence motion for summary judgment, and motion for summary judgment based on limitations and standing.[1]  Plaintiffs Texokan Operating, Inc. ("Texokan") and K&T Productions Joint Venture ("K&T") (collectively, "Plaintiffs") failed to timely respond to any of Defendant's Motions.  The Court cautioned Plaintiffs that, pursuant to the local rules, failure to respond would result in Defendant's Motions being granted as unopposed; the Court extended by one week Plaintiffs' deadlines to respond.  *See* Order dated Dec. 11, 2014 [Doc. # 25].  Plaintiffs shortly thereafter

---

[1]    *See* Motion to Exclude the Testimony of Plaintiffs' Expert Witness Renn Rothrock ("Motion to Exclude") [Doc. # 22]; No-Evidence Motion for Partial Summary Judgment ("No Evidence Motion") [Doc. # 23]; Motion for Summary Judgment Based on Limitations and Standing ("Limitations and Standing Motion") [Doc. # 24] (collectively, "Defendant's Motions").

responded to Defendant's Motions.[2]  Plaintiffs also separately filed two copies of an

amended report from their expert Renn Rothrock.[3]  Additionally, Plaintiffs filed an

opposed motion seeking leave to amend their complaint nearly nine months after the

Court's and parties' agreed deadline for amendments to pleadings.[4]  Defendant timely

replied to Plaintiffs' responses and objects to portions of the recently filed summary

judgment evidence and the amended expert reports.[5]

---

[2]     See Plaintiffs' Memorandum in Response to Hess' No-Evidence Motion for Summary
        Judgment ("Response to No Evidence Motion") [Doc. # 29]; Plaintiffs' Response to
        Defendant's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Renn
        Rothrock ("Response to Motion to Exclude") [Doc. # 32]; Plaintiffs' Memorandum
        in Response to Hess' Motion for Summary Judgment Based Upon Standing and
        Limitations ("Response to Limitations and Standing Motion") [Doc. # 33].

[3]     See Unsigned Copy of Amended Opinion dated Dec. 13, 2014 ("Rothrock's Dec.
        2014 Report, Unsigned") [Doc. # 30]; Signed Copy of Amended Opinion dated Dec.
        13, 2014 ("Rothrock's Dec. 2014 Report, Signed") [Doc. # 31].

[4]     Plaintiffs filed a Motion for Leave to Amend Its [sic] Original Petition ("Motion to
        Amend") [Doc. # 26], to which Defendant filed a Response [Doc. # 39] in opposition.
        Plaintiffs did not file a reply or request additional time to do so.  Plaintiffs filed their
        First Amended Complaint ("Amended Complaint") [Doc. # 27] as a separate docket
        entry.  Plaintiffs also separately filed the attachments to their motion.  Declaration of
        Donal R. Schmidt, Jr. [Doc. # 28].

[5]     See Hess's Reply to Plaintiffs' Memorandum in Response to Hess's No-Evidence
        Motion for Summary Judgment ("Reply to No Evidence") [Doc. # 36]; Hess's Reply
        to Plaintiffs' Memorandum in Response to Hess's Motion for Summary Judgment
        Based on Limitations and Standing and Hess's Objections to Plaintiff's Evidence
        ("Reply to Limitations and Standing") [Doc. # 37]; Hess's Reply to Plaintiffs'
        Response to Hess's Motion to Exclude the Testimony of Plaintiffs' Expert Witness
        Renn Rothrock, and Objections to Rothrock's Amended Expert Report ("Reply to
        Motion to Exclude") [Doc. # 38].

Having carefully reviewed the parties' briefing, all matters of record, and the applicable legal authorities, the Court **denies** Plaintiffs' Motion to Amend, **grants** Defendant's Motion to Exclude, and **grants** Defendant's No Evidence Motion.  For the reasons explained below, granting Defendant's No Evidence Motion disposes of all claims in this case.  Thus, the Court **denies as moot** Defendant's Limitations and Standings Motion.

## I.      BACKGROUND

### A.     Facts

Plaintiffs own, in whole or in part, two oil wells in the Austin Chalk formation,[6] Talbutt 1 and Talbutt 2 (collectively, the "Talbutt Wells").[7]   In March 2011, Defendant's predecessor-in-interest drilled an oil well, Talbutt Trust Well A-1H ("A-1H"), in the Eagle Ford formation, the geological formation directly below the Austin Chalk.   *See* Petition, ¶ 11; Limitations and Standing Motion, at 3 (citing

---

[6]      Plaintiffs erroneously refer to this geological formation as "Austin Caulk."   *See* Plaintiffs' Original Petition and Request for Initial Disclosures ("Petition") [Doc. # 1-6], *passim*.

[7]      The amount of Plaintiffs' ownership interest in the Talbutt Wells is in dispute. Plaintiffs claim full ownership of the Talbutt Wells dating back to a 2005 lease.   *See* Petition, ¶ 7.  Defendant argues that Plaintiffs hold at most an 85% ownership interest. *See* Limitations and Standing Motion, at 2.  The Court need not resolve this issue.

Untitled Search ("Spud Dates Table") [Doc. # 24-1], at ECF page 29).[8]  In 2012, Defendant Hess drilled a second Eagle Ford well, Talbutt Trust Well B-5H ("B-5H"). *See* Petition, ¶ 13; Limitations and Standing Motion, at 3 (citing Spud Dates Table). This lawsuit stems from Plaintiffs' allegations that drilling fluid from A-1H and B-5H contaminated the Talbutt Wells.  Petition, ¶¶ 12-15.[9]

## B.    Procedural History

On or about August 26, 2013, Plaintiffs sued Defendant for negligence, negligence *per se*, and trespass in the 151st Judicial District Court of Harris County, Texas.  *See* Petition, ¶¶ 24-30.[10]  Plaintiffs further allege that their injuries were the result of Defendant's gross negligence and seek exemplary damages pursuant to § 41.003(a)(3) of the Texas Civil Practices and Remedies Code.  *Id.*, ¶ 31.

---

[8]    Plaintiffs' Petition states A-1H was drilled in 2010, but Plaintiffs now agree that A-1H was drilled in March 2011.  *See* Response to Limitations and Standing Motion, at 3.

[9]    Defendant requests summary judgment on "Plaintiffs' claims for damages related to Hess's Talbutt Trust Wells A-2H and B-3H."  Limitations and Standing Motion, at 11.  Plaintiffs have not alleged any causes of action related to A-2H or B-3H; indeed, Plaintiffs' Petition does not contain references to additional wells other than A-1H and B-5H.  *See generally* Petition; *see also* Limitations and Standing Motion, at 5 ("The Complaint makes no mention of the Talbutt Trust A-2H and B-3H.").  Any allegations regarding A-2H or B-3H that Plaintiffs may have asserted during the discovery process, *see* Limitations and Standing Motion, at 5, do not give rise to claims before the Court.  The only claims before the Court are those regarding A-1H and B-5H.

[10]   Defendant timely removed this case to federal court.  *See* Notice of Removal by Defendant Hess Corporation [Doc. # 1].  The jurisdiction of this Court is not at issue.

Plaintiffs originally sought to recover damages for both Talbutt Wells.  *See id.*, ¶¶ 27, 28, 30. Plaintiffs now state that Talbutt 1 stopped producing about five years ago.  *See* Response to Motion to Exclude, at 2.  Plaintiffs, as a result, now claim damages related only to Talbutt 2.  *Id.*; Motion to Amend, at 2 n.2.

There are four motions pending before the Court.  The Court first addresses Plaintiffs' Motion to Amend; second, turns to Defendant's *Daubert* motion; then addresses Defendant's motions for summary judgment.

## II.   PLAINTIFFS' MOTION TO AMEND

Plaintiffs filed their Motion to Amend on December 12, 2014.  The deadline for amendments to pleadings was March 31, 2014 [Doc. # 8].  Pursuant to Federal Rule of Civil Procedure 16(b), "[a]fter a scheduling order deadline has passed, a party must show good cause to obtain leave to amend the operative pleadings."  *Meaux Surface Prot., Inc. v. Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010).  "The district court's discretion to allow amendment or modification of a pretrial order is guided by the following factors: '(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'"  *Id.* (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Analysis of these four factors impels the Court to deny Plaintiffs' Motion to Amend.  First, Plaintiffs Motion to Amend is not timely filed.  Plaintiffs argue that they timely filed the motion based on new information learned during discovery.[11]  However, discovery ended on October 31, 2014 [Doc. # 16].  Plaintiffs further contend that they timely filed their motion after Defendant filed its First Amended Answer and Affirmative Defenses [Doc. # 21].  But Defendant moved to amend its answer on October 9, 2014 [Doc. # 17].  The Court granted Defendant's motion on November 5, 2014 after Plaintiffs failed to file any response or opposition [Doc. # 19].  Plaintiffs have not explained why they waited over two months after Defendant filed its motion to amend and six weeks after the close of discovery to file their motion to amend the pleadings.[12]  Plaintiffs' delay also is significant as the dispositive motions

---

[11]    The Court notes that Defendant disputes whether Plaintiffs have adequately shown that the proposed amendments are based on any new information learned during discovery.  Defendant contends that Plaintiffs' arguments relate to documents that were always in Plaintiffs' possession or legal burdens of which Plaintiffs should have always been aware.  Response to Motion to Amend, at 6-7.

[12]    Plaintiffs also state that they did not receive deposition transcripts from Defendant's expert, Ricardo E. Garza, and Hess's employee, Roy Cheany, until December 8, 2014.  Motion to Amend, at 5.  This explanation is not persuasive.  It appears that, by agreement of the parties, depositions took place in early November.  *See* Oral Deposition of Ricardo E. Garza [Doc. # 26-2], at ECF page 3; Oral Deposition of Neal Adams [Doc. # 26-2], at ECF page 6.  From participation in the depositions, Plaintiffs' counsel was aware of the evidence presented.  Plaintiffs nevertheless still did not seek leave to amend until mid-December.  The fact that Plaintiffs' counsel may have "told counsel for Hess at the last deposition he was going to Amend to remove any claim for [Talbutt 1]," *see* Response to Motion to Exclude, at 2 n.1, does

(continued...)

deadline was November 19, 2014 [Doc. # 20], and Plaintiffs did not seek to amend until after Defendant filed its motions for summary judgment, and after Plaintiffs had failed to timely respond to those motions.  Given that Plaintiffs do not provide any meaningful explanation for this delay, the Court finds Plaintiff's Motion to Amend is not timely filed.

Furthermore, the importance of the amendments is minimal; the need for the amendment is outweighed by the prejudice to Defendant; and the prejudice is not cured by a continuance.  Plaintiffs argue that the amendments are necessary to allow them "to present the best evidence related to existing claims" and to prevent a "messier" trial.  Motion to Amend, at 6.  Plaintiffs contend that the Amended Complaint does not contain any significant changes.  *Id.*, at 6-7.  This contention is not supported by a review of the proposed pleading.[13]  To the extent the proposed complaint adds new claims or allegations, these changes prejudice Defendant by raising new factual issues after expiration of deadlines for discovery and dispositive

---

[12]    (...continued)
not mitigate this delay.  Plaintiffs did not file a proposed pleading until after the deadline had passed to respond to Defendant's Motions.

[13]    The Court concurs with Defendant's argument that, despite Plaintiffs' assertions to the contrary, the Amended Complaint attempts to add a breach of contract claim, a new factual allegation about Talbutt 2 (that Defendant contends was not explored during discovery), an unliquidated damages demand, and still contains a damages demand for Talbutt 1.  Response to Motion to Amend, at 4-5.

motions.  Plaintiffs' suggestion that a continuance is not needed because docket call is not scheduled until February 20, 2015, lacks merit.  That deadline is around the corner.  Plaintiffs also ignore the fact that there are several dispositive motions pending in this case.  A new round of briefing and, likely, further discovery would be needed to address the additional matters in the proposed complaint, which would delay the proceedings and require a continuance.

Finally, Plaintiffs urge that they no longer intend to pursue their trespass cause of action or any claims regarding Talbutt 1 and that amendments to pleadings are necessary to remove these claims.  *See id.*, at 2 n.2, 6; *see also* Response to Motion to Exclude, at 2.  Plaintiffs do not need an extension of the deadline for amendments to pleadings for the Court to dismiss these claims.  The Court construes Plaintiffs' statements as abandonment of and a request to dismiss their trespass and Talbutt 1 claims.

Under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Defendant requests that the Court dismiss these claims with prejudice.  Response to Motion to Amend, at 6.  Plaintiffs' abandonment of their trespass and Talbutt 1 claims, after months of discovery and more than adequate time and opportunity to pursue these claims, is binding.  The Court, therefore, dismisses Plaintiffs' trespass

cause of action and claims regarding Talbutt 1 with prejudice.

In sum, Plaintiffs have failed to show that good cause exists to grant leave to amend to add new claims or theories at this late stage in the proceedings.  The Motion to Amend, therefore, is denied; the Petition remains the live pleading in this case; and the Amended Complaint is stricken from the record.  The Court turns to Defendant's Motions.

## III.   DEFENDANT'S MOTION TO EXCLUDE PLAINTIFFS' EXPERT RENN ROTHROCK

Defendant seeks to exclude opinions provided by Plaintiffs' expert Renn Rothrock on the amount of damages in this case.  As explained below, Plaintiffs have failed to produce evidence establishing the reliability of Rothrock's opinions, and, as a result, his opinions are excluded.

### A.   Standard for Admissibility of Expert Opinions

Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education, may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based upon sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

FED. R. EVID. 702.  "In *Daubert*, the Supreme Court 'explained that Rule 702 assigns

to the district judge a gatekeeping role to ensure that scientific testimony is both reliable and relevant.'" *Johnson v. Arkema, Inc.*, 685 F.3d 452, 459 (5th Cir. 2012) (per curiam) (quoting *Curtis v. M&S Petroleum, Inc.*, 174 F.3d 661, 668 (5th Cir. 1999) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993)).  The party offering the expert opinion bears the burden of establishing its admissibility by a preponderance of the evidence.  *See U.S. v. Fullwood*, 342 F.3d 409, 412 (5th Cir. 2003); *Seaman v. Seacor Marine, LLC*, 326 F. App'x 721, 724 (5th Cir. 2009).

"The relevance prong requires the proponent to demonstrate that the expert's 'reasoning or methodology can be properly applied to the facts in issue.'" *Johnson*, 685 F.3d at 459 (quoting *Curtis*, 174 F.3d at 668).  "To establish reliability under *Daubert*, an expert bears the burden of furnishing 'some objective, independent validation of [his] methodology.'" *Brown v. Ill. Cent. R.R. Co.*, 705 F.3d 531, 536 (5th Cir. 2013) (quoting *Moore v. Ashland Chem. Inc.*, 151 F.3d 269, 276 (5th Cir. 1998)) (alteration in original).  "The expert's assurance that he has utilized generally accepted [principles] is insufficient." *Id.* (quoting *Moore*, 151 F.3d at 276) (alteration in original).  "Courts must be arbiters of truth, not junk science and guesswork." *Huss v. Gayden*, 571 F.3d 442, 459 (5th Cir. 2009)(citing *Daubert*, 509 U.S. at 596-97). Thus, the Court is not required to "admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert." *Kumho Tire Co. v. Carmichael*, 526

U.S. 137, 157 (1999); *see Ellis v. U.S.,* 673 F.3d 367, 373 (5th Cir 2012) (citing *Jelinek v. Casas*, 328 S.W.3d 526, 536 (Tex. 2010)); *Huss*, 571 F.3d at 460; *Matosky v. Manning*, 428 F. App'x 293, 298 (5th Cir. 2011).  Where the challenged opinion "is fundamentally unsupported, then it offers no expert assistance to the jury." *Guile v. U.S.*, 422 F.3d 221, 227 (5th Cir. 2005) (quoting *Viterbo v. Dow Chem. Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).

## B.    Analysis

Defendant seeks to exclude the opinions of Plaintiffs' expert Rothrock, who was listed by Plaintiffs as "a licensed professional petroleum engineer who will be providing expert testimony regarding economic damages, causation and foreseeability." *See* Plaintiffs' Second Amended Rule 26 Required Disclosures [Doc. # 22-1], at ECF page 26.  Rothrock testifies, however, that he was asked to provide an expert report only on "value." *See* Oral Deposition of Renn Rothrock ("Rothrock Depo.") [Doc. # 22-1], at ECF page 45.[14]  Before the close of discovery, Rothrock provided three written reports of his opinions on Plaintiffs' damages and testified at

---

[14]    It is unclear what Rothrock means by "value." *Compare* Rothrock Depo., at ECF page 53 ("It's a statement of the lease value, which was what I was asked to do in this report."), *with id.*, at ECF page 57 ("I've been asked to value the lease and the damages for the lease."), *with* Response to Motion to Exclude, at 3 (stating Rothrock has "valued thousands of wells").

a deposition.[15]  In his three reports, Rothrock determined the "loss of value" to the

Talbutt Wells based on his "forecast" of future production.  *See* July 2013 Report;

Dec. 2013 Report; Aug. 2014 Report.  He stated that he calculated this forecast using

historical data from the Talbutt Wells, oil prices at the time, operating expenses,

royalties, taxes, and a present value discount factor.  *Id.*  He testified that he created

his predictions based on his "[e]xperience and education" evaluating "thousands" of

oil wells.  *Id.*  Rothrock admitted that his approach contains "[a] huge amount of

subjective judgment." *Id.*, at ECF page 49.  He further testified that he "probably used

two or three different approaches" but does not remember exactly what he did to reach

his predictions.  *Id.*, at ECF pages 47-48.

Under Federal Rule of Evidence 702(c), an expert's testimony must be "the

product of reliable principles and methods."  When assessing reliability, Courts

consider a list of nonexclusive factors including (1) whether the theory or procedure

---

[15]     Rothrock's first expert report, dated July 2, 2013, concluded that "[t]he loss of
economic value" in this case is $857,610.  Rothrock's Letter dated July, 2, 2013
("July 2013 Report") [Doc. # 22-1], at ECF page 31.  On December 2, 2013,
Rothrock, revised his conclusions to increase the "loss of value" to $1,261,350.
Rothrock's Letter dated Dec. 2, 2013 ("Dec. 2013 Report") [Doc. # 22-1], at ECF
page 35.  On August 28, 2014, Rothrock again amended his conclusions to increase
the "loss of value," stating "the value of the cash flow is $1.411 million which is my
opinion of the value of the lease."  Rothrock's Letter dated Aug. 28, 2014 ("Aug.
2014 Report") [Doc. # 22-1], at ECF page 38.  At his deposition on September 23,
2014, Rothrock testified his "value" conclusion remained the same as in his Aug.
2014 Report.  *See* Rothrock Depo., at ECF pages 41, 53.  He did not revise this
statement before the close of discovery.

has been subjected to testing; (2) whether it has been subjected to peer review and publication; (3) the rate of error and the existence of standards controlling the theory or procedure; and (4) whether it has attained general acceptance. *Johnson*, 685 F.3d at 459 (citing *Curtis*, 174 F.3d at 668-69; *Daubert*, 509 U.S. at 593-94).  While these factors are not determinative, they can "help to evaluate the reliability even of experienced-based testimony." *Kumho Tire*, 526 U.S. at 150-51.

Applying these factors here, Plaintiffs have entirely failed to show that Rothrock's methodology is reliable.  Plaintiffs do not direct the Court to any evidence that Rothrock's methodology has been subjected to testing.  Rothrock admits that he is not aware of any peer-reviewed literature that agrees with his methodology. Rothrock Depo., at ECF page 51.  There appears to be a potentially high rate of error with Rothrock's methodology, as he states that "I think it's only fair to say there's [sic] as many answers as there are experts." *Id.*, at ECF page 49.  Rothrock does not identify any standards controlling his procedures.  He testified at deposition that the "SEC standards" use a 10% present discount factor, *see id.*, at ECF page 46, but did not utilize the 10% present discount factor in his first report. *See* July 2013 Report. He did use this figure in his second and third reports, but without referencing any SEC standards or explaining why these standards are applicable. *See* Dec. 2013 Report; Aug. 2014 Report.  Finally, Rothrock asserts that his forecasting approach was

commonly used "[b]efore computers," Rothrock Depo., at ECF page 49, but provides no meaningful evidence or explanation as to why this purely subjective methodology is generally accepted, particularly now that computer-based analysis is ubiquitous in scientific fields.  The Court concludes that Plaintiffs have failed to direct the Court to some "objective, independent validation" of Rothrock's methodology.  *See Brown*, 705 F.3d at 536; *Moore*, 151 F.3d at 276.  Plaintiffs, therefore, have not met their burden to prove the requirements of Federal Rule of Evidence 702(c) are satisfied.

Additionally, Plaintiffs have not satisfied their burden under Federal Rule of Evidence 702(d), to show that "the expert has reliably applied the principles and methods to the facts of the case."  *See* FED. R. EVID. 702(d).  Rothrock admits in his deposition that he reached his predictions in his reports using historical data from Talbutt 1 and Talbutt 2 dating back to the inception of the wells.  Rothrock Depo., at ECF pages 49, 52.  He does not explain why using this data is appropriate given that only Talbutt 2 is at issue in this case.  He stated that he used operating expenses provided by Plaintiffs without conducting any independent evaluation of expenses.  *Id.*, at ECF page 54.  Also, significantly, he cannot remember what time frames he used for some of his calculations and cannot meaningfully explain why he used certain dates in his calculations.  *See id.*, at ECF pages 47-48.  The Court is not required to accept Rothrock's opinion if it is connected to data only by his personal say so.

Indeed, this approach is barred by the Supreme Court's caution against reliance on *ipse dixit* opinions. *See Kumho Tire*, 526 U.S. at 157; *see Ellis*, 673 F.3d at 373; *Huss*, 571 F.3d at 460.

In a belated attempt to address these admissibility issues, Plaintiffs have filed a further amended report and declaration from Rothrock. *See* Rothrock's Dec. 2014 Report, Signed; Rothrock's Dec. 2014 Report, Unsigned; Declaration of Renn Rothrock ("Rothrock Decl.") [Doc. # 32-2]. These documents were filed more than four months after the August 28, 2014 deadline for Plaintiffs' initial expert reports, eight weeks after the Court's October 15, 2014 deadline for expert rebuttal opinions, and nearly four weeks after Defendant's Motions were filed. *See, e.g.*, Agreed Second Amended Docket Control Order [Doc. # 20]. Plaintiffs' untimely-filed materials are inadmissible under Federal Rule of Civil Procedure 26. For reasons stated above regarding Plaintiffs' Motion to Amend, Plaintiffs have failed to establish good cause to extend their expert report deadlines in this case.[16]

Plaintiffs' briefing attempts to bolster the reasoning and, implicitly, the reliability of Rothrock's opinions by citing to textbooks and articles that Plaintiffs claim support his opinions. This effort is unavailing. These cited materials are not

---

[16]   Plaintiffs did not file any motions seeking to extend the deadline for rebuttal reports or provide any explanation as to why these reports were not timely filed. The Court also notes that, even if the amended reports were properly before the Court, they do not contain new evidence establishing the reliability of Rothrock's methodology.

before the Court; they are not in the record, nor are they referenced anywhere in Rothrock's own reports, testimony, or declaration.  Plaintiffs further argue Defendant's expert testified Rothrock's methodology is generally accepted in the industry, but their sole support, other than Rothrock's *ipse dixit* opinions, are portions of Defendant's expert's deposition testimony challenging Rothrock's predictions. *See* Oral Deposition of Ricardo E. Garza [Docs. # 30 and # 31], at ECF pages 12-17.  The materiality of these excerpts cited by Plaintiffs escapes the Court.

In conclusion, Plaintiffs have failed to provide evidence establishing that Rothrock's opinions are the product of reliable principles and methods and that he reliably applied his principles and methods to the facts of the case. *See* FED. R. EVID. 702(c), (d).  Plaintiffs, thus, have failed to satisfy their burden to prove Rothrock's opinions are admissible under Federal Rule of Evidence 702 and the principles in *Daubert*, *Kumho Tire*, and their progeny.  Defendant's Motion to Exclude is granted.

## IV.    DEFENDANT'S "NO-EVIDENCE" SUMMARY JUDGMENT MOTION

### A.    Legal Standard

Rule 56 of the Federal Rules of Civil Procedure provides for the entry of summary judgment against a plaintiff who fails to make a sufficient showing of the existence of an element essential to her case and on which she will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Curtis v. Anthony*, 710 F.3d

587, 594 (5th Cir. 2013); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex*, 477 U.S. at 322-23; *Curtis*, 710 F.3d at 594.

For summary judgment, the initial burden falls on the movant to identify areas essential to the non-movant's claim in which there is an "absence of a genuine issue of material fact."  *ACE Am. Ins. Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832, 839 (5th Cir. 2012).  The moving party, however, "need not negate the elements of the nonmovant's case."  *Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).  The moving party may meet its burden by pointing out "the absence of evidence supporting the nonmoving party's case."  *Malacara v. Garber*, 353 F.3d 393, 404 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 323; *Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996)).

If the moving party meets its initial burden, the non-movant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial.  *Gen. Universal Sys., Inc. v. Lee*, 379 F.3d 131, 141 (5th Cir. 2004);

*Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282 (5th Cir. 2001) (internal citation omitted).  "An issue is material if its resolution could affect the outcome of the action." *Spring Street Partners-IV, L.P. v. Lam*, 730 F.3d 427, 435 (5th Cir. 2013).  "A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *DIRECT TV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2006) (internal citations omitted).

In deciding whether a genuine and material fact issue has been created, the court reviews the facts and inferences to be drawn from them in the light most favorable to the nonmoving party.  *Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003).  A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the non-movant.  *Tamez v. Manthey*, 589 F.3d 764, 769 (5th Cir. 2009) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).  "Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial."  *Oliver v. Scott*, 276 F.3d 736, 744 (5th Cir. 2002); *accord Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).  Instead, the nonmoving party must present specific facts which show "the existence of a genuine issue concerning every essential component of its case."  *Firman v. Life*

*Ins. Co. of N. Am.*, 684 F.3d 533, 538 (5th Cir. 2012) (citation and internal quotation marks omitted).  In the absence of any proof, the court will not assume that the non-movant could or would prove the necessary facts.  *Little*, 37 F.3d at 1075 (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

"In a non-jury case, such as this one, 'a district court has somewhat greater discretion to consider what weight it will accord the evidence.'"  *Johnson v. Diversicare Afton Oaks, LLC*, 597 F.3d 673, 676 (5th Cir. 2010) (quoting *In re Plaid Oil Co.*, 932 F.2d 394, 397 (5th Cir. 1991)).  "When deciding a motion for summary judgment prior to a bench trial, the district court 'has the limited discretion to decide that the same evidence, presented to him or her as a trier of fact in a plenary trial, could not possibly lead to a different result.'"  *Id.* (quoting *Placid Oil*, 932 F.2d at 398) (citing *Nunez v. Superior Oil Co.*, 572 F.2d 1119, 1124 (5th Cir. 1978)).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment, that evidence is not properly before the district court." *Malacara*, 353 F.3d at 405.  "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Id.* (internal citations and quotations omitted); *Williams v. Valenti*, 432 F. App'x 298, 302 (5th Cir. 2011).

B.    <u>Analysis</u>

Plaintiffs continue to pursue causes of action against Defendant for negligence and negligence *per se*, and seek exemplary damages based on a theory of gross negligence.[17]   In Texas, "[t]he elements of a negligence cause of action are the existence of a legal duty, a breach of that duty, and damages proximately caused by the breach." *Rodriguez–Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013) (quoting *IHS Cedars Treatment Ctr. of De Soto, Tex., Inc. v. Mason*, 143 S.W.3d 794, 798 (Tex. 2004)).   "Negligence *per se* is not a separate cause of action that exists independently of a common-law negligence cause of action," but "is merely one method of proving a breach of duty, a requisite element of any negligence cause of action."  *Thomas v. Uzoka*, 290 S.W.3d 437, 445 (Tex. App.–Houston [14th Dist.] 2009, pet. denied) (citing *Reynolds v. Murphy*, 188 S.W.3d 252, 267 n.20 (Tex. App.–Fort Worth 2006, pet. denied); *Zavala v. Trujillo*, 883 S.W.2d 242, 246 (Tex. App.–El Paso 1994, writ denied)).  Similarly, "[n]egligence and gross negligence are not separable causes of action, but are inextricably intertwined." *Bastida v. Aznaran*, 444 S.W.3d 98, 109 (Tex. App. – Dallas 2014, no pet.) (citing *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 126 (Tex. App. – Houston [1st Dist.] 2002, pet. denied)).  "A finding of negligence is a prerequisite to a finding of

---

[17]    Plaintiffs abandoned their trespass claim.  Accordingly, the Court has dismissed it with prejudice.  *See* discussion *supra* Part II.

gross negligence."  *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 789 (Tex. App.–Dallas 2013, no pet.).  Damages, thus, is an essential element of all of Plaintiffs' remaining causes of action.

In the absence of evidence from expert Rothrock, whose opinions the Court excludes above, Plaintiffs have failed to present any evidence of damages.  Plaintiffs do not direct the Court to any other damages evidence in the record that they submitted.  Rather, Plaintiffs argue that "even if Rothrock's opinion is excluded, Plaintiffs can use Defendant's own expert to support [their] damages."  Response to No Evidence Motion, at 4.  Plaintiffs assert that "Defendant's expert has opined there are indeed damages," but do not point to any deposition testimony where such a statement was made. *Id.*[18] Plaintiffs speculate that Defendant's expert's opinion "may indeed be that [Talbutt 2] was damaged when he is forced at trial to consider the actual evidence he failed to identify in his deposition."  *Id.*  Plaintiffs do not elaborate on what this evidence might be.[19]  On summary judgment, the Court is not required to

---

[18]     Plaintiffs provide only small portions of deposition testimony from Defendant's expert Ricardo E. Garza.  *See* Oral Deposition of Ricardo E. Garza [Doc. # 29-1], at ECF pages 7-17.  The testimony identifies errors in Rothrock's reports, refutes the figures Rothrock used to reach his predictions, and makes vague statements with very little context.  The available record, thus, is inadequate to establish that any opinion by Garza supports a reliable estimate of Plaintiffs' damages or the "value" of Talbutt 2.

[19]     The Court does not have a duty to hunt through the summary judgment record to find
(continued...)

accept Plaintiffs' speculation, conclusional allegations, or unsubstantiated assertions as true. *See Oliver*, 276 F.3d at 744; *Delta & Pine Land Co.*, 530 F.3d at 399. Accordingly, Plaintiffs have not satisfied their summary judgment burden of showing that there is a genuine dispute of material fact on the essential element of damages. Defendant is awarded summary judgment on Plaintiffs' negligence and negligence *per se* claims, as well as Plaintiffs' allegations of gross negligence.

## V.   <u>CONCLUSION AND ORDER</u>

As explained above, Plaintiffs sued Defendant for trespass, negligence, negligence *per se*, and exemplary damages based on a theory of gross negligence. *See* Petition, ¶¶ 24-31.  Plaintiffs have abandoned their trespass claim.  *See* Motion to Amend, at 6.  The Court denies Plaintiffs' request to add claims and other matters to this case after the close of discovery and after Defendant's summary judgment and other motions have been filed.

The Court concludes that the opinions of Plaintiffs' expert Renn Rothrock will be excluded because Plaintiffs have not met their burden under *Daubert*, *Kumho Tire*, and their progeny to establish Rothrock's opinions are based on reliable principles and methods and the product of reliably applied principles and methods to the facts of the

---

[19]      (...continued)
evidence supporting Plaintiffs' opposition to summary judgment. *Malacara*, 353 F.3d at 405; *Williams*, 432 F. App'x at 302.

case.  Because the Court excludes Rothrock's testimony, Plaintiffs have presented no evidence of damages, an essential element of each of their causes of action and claims for damages.  Defendant, thus, is entitled to summary judgment in its favor.  The Court does not reach Defendant's other summary judgment arguments.  Accordingly, it is hereby

ORDERED that Plaintiffs' Motion for Leave to Amend Its [sic] Original Petition [Doc. # 26] is **DENIED**.  Plaintiffs' First Amended Complaint [Doc. # 27] is **STRICKEN** from the record.  It is further

ORDERED that Defendant's Motion to Exclude the Testimony of Plaintiffs' Expert Witness Renn Rothrock [Doc. # 22] is **GRANTED**.  It is further

ORDERED that Defendant's No-Evidence Motion for Partial Summary Judgment [Doc. # 23] is **GRANTED**.  It is further

ORDERED that all claims and requests for damages in this case are **DISMISSED with prejudice**.  Finally, it is

ORDERED that Defendant's Motion for Summary Judgment Based on Limitations and Standing [Doc. # 24] is **DENIED as moot**.

A separate final judgment will issue.

**SIGNED** at Houston, Texas, this **21st** day of **January, 2015**.

Nancy F. Atlas
United States District Judge